UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

In re:                                           :    Chapter 7

MARC S. GARDNER,                     :    Case No. 02-43420 (ALG)

                   Debtor.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. PEREIRA, as Chapter 7 Trustee of the  :    Adv. Pro. No.
Estate of MARC S. GARDNER,              :

                      Plaintiff,     :    **COMPLAINT**

   vs.                                              :

MARC S. GARDNER, SARA GARDNER,      :
BRIAN D. GARDNER and NICOLE GARDNER, :

                   Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

       Plaintiff, John S. Pereira, as chapter 7 trustee (the "Trustee") of the estate of Marc S. Gardner (the "Debtor"), by and through his counsel, LeBoeuf, Lamb, Greene & MacRae, L.L.P., as and for his Complaint against the above-captioned defendants, respectfully alleges and represents as follows:

## NATURE OF ACTION

1.  This is an adversary proceeding commenced pursuant to section 542(a) of the Bankruptcy Code and rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure, to compel turnover of property of the Debtor and an accounting of property of the Debtor.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code") and the July 10, 1984 General Referral Order of the United States District Court for the Southern District of New York.

3.  Venue of this proceeding in this Court is proper pursuant to Judicial Code section 1409(a).

4.  Each claim for relief in this complaint is a core proceeding pursuant to Judicial Code sections 157(b)(2)(A), (E), and/or (O).

## PARTIES

5.  On November 14, 2002 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On or about March 14, 2003, the Court entered an order converting this case from a case under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

6.  By Notice of Appointment dated March 14, 2003, the Trustee was appointed as the trustee of the Debtor's chapter 7 estate.

7.  Upon information and belief, the Debtor, one of the defendants herein, is a natural person residing at 630 First Avenue, Apt. 22B, New York, New York.

8. Defendant Sara Gardner ("Sara") is a natural person residing at 168 Glengarry Road, Fairfield, Connecticut (the "Fairfield Residence").

9. Defendant Brian D. Gardner ("Brian") is a natural person and is the son of the Debtor and Sara, who, upon information and belief, is residing at the Fairfield Residence.

10. Defendant Nicole Gardner ("Nicole") is a natural person and is the daughter of the Debtor and Sara, who, upon information and belief, is residing at the Fairfield Residence. Defendants Sara, Brian, Nicole and the Debtor shall be referred to hereinafter collectively as the "Defendants".

## BACKGROUND

11. The Debtor filed bankruptcy schedules with the Court dated December 19, 2002 (the "Bankruptcy Schedules").

12. On Schedule B Item 7 of the Bankruptcy Schedules, the Debtor lists "Misc. Jewelry" in the amounts of $50,000 and $23,500 (collectively, the "Jewelry").

13. On Schedule B Item 23 of the Bankruptcy Schedules, the Debtor lists, among other vehicles, that he owns a 1995 Volvo Sedan (the "Volvo Sedan") with a current market value to the Debtor in the amount of $8,400 and a 1995 TR5 Wagon (the "Volvo Wagon", and collectively, the "Autos") with a current market value to the Debtor in the amount of $12,500.

14. The Volvo Sedan bears Vin Number YV1LS5712S1202669 and is owned by the Debtor and registered in the state of Connecticut.

15. The Volvo Wagon bears Vin Number YV1LW5811S2130036 and is also owned by the Debtor and registered in the state of Connecticut.

16. The Debtor has been examined pursuant to §341(a) of the Bankruptcy Code (the "341 Examinations").

17. The Debtor testified at the 341 Examinations that he owns all of the Jewelry.

18. The Debtor further testified at the 341 Examinations that the Jewelry is in Sara's possession.

19. The Jewelry valued by the Debtor in the sum of $73,500 was property of the Debtor and is now property of the Debtor's estate.

20. The Trustee has duly demanded the turnover of the Jewelry to the Trustee and the Debtor has refused to do so.

21. The Debtor further testified at the 341 Examinations that Brian was in possession of the Volvo Sedan.

22. The Debtor also testified at the 341 Examinations that Nicole Gardner was in possession of the Volvo Wagon.

23. Upon information and belief, the Autos are being kept at the Fairfield residence.

24. The Trustee has duly demanded the turnover of the Autos and the Debtor has refused to do so.

### FIRST CLAIM FOR RELIEF

**Turnover of Property (the Jewelry) Under Bankruptcy Code Section 542**

25. The Trustee repeats and realleges paragraphs "1" through "24" as though fully set forth herein.

26. The Jewelry constitutes property of the Debtor's estate.

27. Marc and Sara remain in possession, custody or control of the Jewelry.

28. The Jewelry is of consequential value and benefit to the Debtor's estate.

-4-

29. The Trustee is entitled to (a) turnover of the Jewelry or, in the alternative, (b) payment of its equivalent monetary value in an amount no less than $73,500.

## SECOND CLAIM FOR RELIEF

### Accounting of Property (the Jewelry) Under Bankruptcy Code Section 542

30. The Trustee repeats and realleges paragraphs "1" through "24" as though fully set forth herein.

31. The Jewelry constitutes property of the Debtor's estate.

32. Marc and Sara remain in possession, custody or control of the Jewelry.

33. The Jewelry is of consequential value and benefit to the Debtor's estate.

34. The Trustee is entitled to an accounting of the Jewelry.

## THIRD CLAIM FOR RELIEF

### Turnover of Property (the Autos) Under Bankruptcy Code Section 542

35. The Trustee repeats and realleges paragraphs "1" through "24" as though fully set forth herein.

36. The Autos constitute property of the Debtor's estate.

37. The Defendants remain in possession, custody or control of the Autos.

38. The Autos are of consequential value and benefit to the Debtor's estate.

39. The Trustee is entitled to (a) turnover of the Autos plus payment in an amount equal to the depreciation of their market value from the Filing Date through their turnover to the Trustee in payment for the use and the diminution of value of property of the estate or, in the alternative, (b) payment of the equivalent monetary value of the Autos as of the Filing Date, which for the Volvo Sedan is in an amount no less than $8,400 and for the Volvo Wagon is in an amount no less than $12,500.

## FOURTH CLAIM FOR RELIEF

### Accounting of Property (the Autos) Under Bankruptcy Code Section 542

40. The Trustee repeats and realleges paragraphs "1" through "24" as though fully set forth herein.

41. The Autos constitute property of the Debtor's estate.

42. The Defendants remain in possession, custody or control of the Autos.

43. The Autos are of consequential value and benefit to the Debtor's estate.

44. The Trustee is entitled to an accounting of the Autos.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order:

A. Directing the Marc and Sara to (a) turn over to the Trustee the Jewelry or, in the alternative, (b) pay to the Trustee its equivalent monetary value in an amount no less than $73,500;

B. Directing the Defendants to (a) turn over to the Trustee the Autos and pay to the Trustee an amount equal to the depreciation of their market value from the Filing Date through their turnover to the Trustee or, in the alternative, (b) pay to the Trustee the equivalent monetary value of the Autos as of the Filing Date, in an amount no less than $8,400 for the Volvo Sedan and $12,500 for the Volvo Wagon;

C. Directing Marc and Sara to provide the Trustee with an accounting of the Jewelry;

D. Directing the Defendants to provide the Trustee with an accounting of the Autos; and

   E. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
   February 24, 2004

               LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.

               By: /s/ Mark R. Bernstein
                 John P. Campo (JC-5241)
                 Mark R. Bernstein (MB-9102)
               125 West 55th Street
               New York, New York 10019-5389

               Counsel to John S. Pereira, as Trustee for
               Marc S. Gardner

*NYC 477870*